FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Appellant, Lashay T. Porch, appeals from the denial of his presentence motion to withdraw his guilty pleas. Appellant argues the trial court abused its discretion. After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 2} Appellant was arrested and accused of shooting at two female victims from a car. The victims described walking toward a home when a car in which appellant was a passenger drove by. They saw appellant fire several gunshots at them. Bullets hit the house, and luckily no one was injured during this May 9, 2016 incident. Appellant was known to the victims, and they identified him as the individual who shot at them.
{¶ 3} Later, when appellant was involved in a traffic stop on May 23, 2016, he fled from police. This resulted in a high-speed pursuit that lasted for several miles and exceeded speeds of 80 m.p.h. through residential neighborhoods. Appellant was indicted and charged with 13 counts related to the shooting incident, and separately indicted and charged with six counts related to the police chase.
{¶ 4} Appellant's attorney worked out a plea agreement with the state, and appellant pled guilty to two counts of felonious assault, second-degree felony violations of R.C. 2903.11(A)(2) ; discharging a firearm on or near a prohibited premises, a third-degree felony violation of R.C. 2923.13(A)(2) ; and having weapons while under disability, a third-degree felony violation of R.C. 2923.13(A)(2). In the second case, appellant pled guilty to failure to comply, a third-degree felony violation of R.C. 2921.331(B). The state agreed to dismiss the remaining charges and all firearm specifications in the two cases.
{¶ 5} On October 27, 2016, the day of sentencing, the trial court conducted a hearing regarding letters sent by appellant. The trial court acknowledged receiving a series of letters from appellant. The first correspondence the court examined was an undated letter received in the mail. The letter sought to withdraw his guilty pleas. The court next noted a letter dated October 1, 2016, which was essentially the same as the other letter. A third letter, dated September 19, 2016, also sought to withdraw the guilty pleas previously entered in the cases.
*1136 {¶ 6} The September letter indicates that counsel had promised appellant that he would receive probation in the cases. In the other two letters, appellant asserted that he wanted to withdraw his pleas because his attorney did not file a particular motion or show appellant motions for discovery or bills of particulars.
{¶ 7} The court offered appellant a chance to speak about his letters. Appellant stated,
The main reason I feel like I want to take my plea, Your Honor, not to down my attorney and not to down the courts, I feel that situation had nothing to do with me, Your Honor.
To be honest, from my right hand to God, the main reason I took that plea, Your Honor, is because I miss my family so much, Your Honor. I never been in jail this long. I never been in this much trouble ever in my life.
I'm not this type of guy. I love women. I was like why would I take my time out today to go shoot at some girls, Your Honor? This whole situation was a misunderstanding.
* * *
That's from the bottom of my heart, Your Honor. Not just even trying to come in your courtroom and talking just to be saying anything, this is the honest to God truth, I did not commit this crime.
I only did this-I only took this plea because I miss my family. I want to go home. This jail stuff, it's not me. I'm not used to this. It's not me, Your Honor. I barely know all of this court stuff.[1] I just miss my family, Your Honor.
If you could find it in your heart-Your Honor, even if you do give me some time, Your Honor, I'm hoping for county time. Even if I don't get my plea back, probation, whatever, Your Honor, if you do give me some time, I'll man up to it, but I'm praying at least it's county time, Your Honor. I didn't commit this crime.
{¶ 8} The trial court denied the motion and proceeded to sentencing.
{¶ 9} Following comments from a few police officers, appellant's probation officer, counsel, someone on behalf of appellant, and appellant, the court imposed a total prison sentence of nine-and-a-half years. The court terminated appellant's current terms of community control without additional sanction in one case, and imposed an 18-month prison sentence in the other. The court imposed two five-year sentences for two counts of felonious assault, a 30-month sentence for discharge of a firearm on or near a prohibited premises, and a 30-month sentence for having weapons while under disability. These were all imposed concurrent to each other. In the second case, the court also imposed a 36-month prison sentence for failure to comply, which was required to be served consecutive to the other sentences. The court ran the sentences from the three cases consecutive to each other after making appropriate findings.
{¶ 10} Appellant then filed the instant appeal assigning one error for review:
1. The trial court abused its discretion in denying appellant's [presentence] motion to withdraw his plea of guilty.
II. Law and Analysis
{¶ 11} Crim.R. 32.1 allows a criminal defendant to motion the court to withdraw previously entered guilty pleas. Motions made prior to sentencing are governed by a liberal standard that should err on the side of granting withdrawal.
*1137 State v. Xie , 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. A motion made after sentence is imposed requires a movant to demonstrate a manifest injustice that would result were the motion denied. Crim.R. 32.1. A defendant must demonstrate a "reasonable and legitimate basis for the withdrawal of the plea." Xie at id. "[D]espite the more lenient standard applicable to [presentence] motions, an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." State v. Peterseim , 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).
{¶ 12} This court has developed a nonexhaustive set of criteria that can be examined to determine whether a trial court abused its discretion in ruling on a motion to withdraw a plea.
A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Id. at paragraph three of the syllabus.
{¶ 13} Applying these factors to the present case, appellant claims he was not represented by competent counsel. Appellant's counsel negotiated a deal with the state that included the dismissal of all the firearm specifications,[2] and several serious felony charges including attempted murder. One can hardly call this ineffective given the nature of the evidence against appellant.
{¶ 14} The trial court went through a very thorough plea colloquy with appellant. The court answered questions asked by appellant and went through the charges, the victims, and the possible sentences twice with appellant after appellant had questions. The trial court explained appellant's rights, the nature of the charges, the potential penalties, and satisfied itself that appellant was happy with his attorney and that he understood the proceedings. Appellant had a full, thorough change of plea hearing.
{¶ 15} Although appellant did not properly file a written motion to withdraw his guilty pleas with the clerk's office, the trial court addressed the hand-written letters sent to the judge that sought to withdraw the guilty pleas. The trial court afforded appellant a full hearing on the motion and allowed appellant to set forth any grounds for withdrawal. Appellant's statements at the hearing, quoted above, indicate a desire to avoid prison, but do not advance any coherent reason that would amount to anything but a change of heart.
{¶ 16} On appeal, appellant points to other statements made during the sentencing hearing and in the letters. The statements made at the sentencing hearing occurred after the trial court denied the motion, which was not renewed at any point throughout the sentencing hearing. The statements made in the letters are not part of this record and cannot be reviewed by this court because they were not properly filed by appellant.
{¶ 17} The trial court gave appellant's motion full and fair consideration. The trial court reviewed the transcript from the *1138 change of plea hearing and reviewed appellant's responses to questions posed by the court about his attorney's performance, promises or threats made, and whose decision it was to plead guilty. The court noted that the date of the plea hearing was the trial date, and that the state was ready to proceed that day. This is presumably recognition that appellant was attempting to delay proceedings.
{¶ 18} This court has set forth additional factors that may be considered when reviewing a trial court's decision on a motion to withdraw. State v. Pannell , 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, 2008 WL 603751, ¶ 13, citing State v. Benson , 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, 2004 WL 637775. They include, whether "(1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense." State v. Heisa , 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, 2015 WL 3632273, ¶ 19, citing Pannell , citing Benson .
{¶ 19} Here, the additional factors also do not aid appellant. The motion was not timely filed. In fact, contrary to appellant's argument, it was never filed, but made orally before the sentencing hearing. Appellant asserts in his brief that he entered his plea and then, later that same day, moved to withdraw his pleas. The record does not contain a motion to withdraw other than the oral motion made the day of sentencing. Letters sent to the judge are not a part of this case because they were never filed with the clerk's office. Civ.R. 5(E) gives a judge discretion to accept filings sent directly to the court where they are not sent to the clerk's office:
The filing of pleadings and other papers with the court, as required by these rules, shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note the filing date on the papers and forthwith transmit them to the office of the clerk.
The Tenth District found a trial court does not abuse its discretion when it does not accept such correspondence for filing. Apps v. Apps , 10th Dist. Franklin Nos. 02AP-1072 and 03AP-242, 2003-Ohio-7154, 2003 WL 23024253, ¶ 19. This may also constitute a form of hybrid representation prohibited in Ohio. See State v. Greenleaf , 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, 2006 WL 2390253, ¶ 71.
{¶ 20} Moving to the second factor, this court does not know whether the motion contains specific reasons for withdrawal. Therefore, we can only review the statements appellant made at the hearing. Those statements do not evidence a specific reason for withdrawal, but merely a desire to avoid prison.
{¶ 21} A review of the transcript indicates that the third consideration does not aid appellant. Appellant fully understood the nature of the charges, the penalties, and the details of the plea agreement worked out with the state. Appellant asked questions during the change of plea hearing, and the court appropriately answered those questions and did not move on until appellant demonstrated a thorough understanding.
{¶ 22} Finally, appellant did not present evidence of a plausible defense. He did not offer any real defense to the charges against him at the hearing.
{¶ 23} Based on the above, this court cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas.
*1139 III. Conclusion
{¶ 24} The trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas. Appellant was properly advised during a thorough Crim.R. 11 plea colloquy, and the trial court had a full and fair hearing regarding appellant's request to withdraw his pleas. Appellant's statements during the hearing did not provide this court with the necessary elements to determine that the trial court abused its discretion in denying the motion.
{¶ 25} Judgment affirmed.
KATHLEEN ANN KEOUGH, A.J., and
LARRY A. JONES, SR., J., CONCUR

Appellant was on community control at the time of the change of plea hearing for two cases, indicating some experience with the criminal justice system.

Firearm specifications ranged in length from one year to five years for the "drive by shooting" specification.