[Cite as *State v. Resto*, 2020-Ohio-4299.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109109 |
| v. | : | |
| JONATHAN MARTINEZ RESTO, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 3, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-637652-A and CR-19-639843-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Carson Strang, Assistant Prosecuting
Attorney, *for appellee.*

Michael B. Telep, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Jonathan Martinez Resto ("Resto") brings this appeal challenging the trial court's denial of his motion to withdraw his presentence guilty pleas. For the reasons that follow, we affirm.

## I.   **Factual and Procedural History**

{¶ 2}   In Cuyahoga C.P. No. CR-19-637652-A, Resto was charged in a three-count indictment on March 8, 2019, with (1) robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); (2) theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1); and (3) menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1).  Resto was arraigned on April 16, 2019, and pleaded not guilty to the indictment.  Resto was required to comply with court-supervised release that included GPS electronic home monitoring.

{¶ 3}   During the pendency of the above criminal action, Resto was indicted in Cuyahoga C.P. No. CR-19-639843-A on May 22, 2019, for (1) menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), with a one-year firearm specification in violation of R.C. 2941.141(A) and a forfeiture of a weapon specification in violation of R.C. 2941.1417(A); (2) menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), with a one-year firearm specification in violation of R.C. 2941.141(A) and a forfeiture of a weapon specification in violation of R.C. 2941.1417(A); (3) menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), with a one-year firearm specification in violation of R.C. 2941.141(A) and a forfeiture of a weapon specification in violation of R.C. 2941.1417(A); (4) violating a protection order, a third-degree felony in violation of R.C. 2919.27(A)(1); and (5) having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2), with a forfeiture of a weapon specification while under disability in violation of

R.C. 2941.1417(A). Resto was arraigned on June 6, 2019, and pleaded not guilty to the indictment.

{¶ 4} The indictments, which arose from two separate incidents between Resto and his former girlfriend, were assigned to the same trial judge. On July 29, 2019, the prosecutor presented a plea offer that Resto rejected. Resto's counsel then presented an oral motion that requested the appropriation of funds to obtain a Spanish translator to interpret video footage of the police interviews. The trial court granted the motion.

{¶ 5} The trial court scheduled trial on August 26, 2019. In lieu of proceeding to trial, Resto accepted the prosecutor's plea offer, which was presented that same day. Resto withdrew his not guilty pleas and entered pleas of guilty. In CR-19-637652-A, Resto pleaded guilty to Count 3, menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), and Counts 1 and 2 were nolled. In CR-19-639843-A, Resto pleaded guilty to an amended Count 1, menacing by stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1), with forfeiture of a weapon specification in violation of R.C. 2941.1417(A), with Counts 2 through 5 being nolled. The trial court referred Resto to the County Probation Department for a presentence investigation ("PSI"). The plea agreement required Resto to forfeit his handgun and to have no contact with the victim.

{¶ 6} The trial court conducted a sentencing hearing on September 16, 2019. At the start of the sentencing hearing, scheduled on a Monday morning, defense counsel stated that Resto contacted her at 4:30 p.m. the prior Friday and

indicated that he wanted to withdraw his guilty pleas. Defense counsel also stated that she and her client experienced a breakdown in communication and, as a result, she orally moved to withdraw as counsel.

{¶ 7} The trial judge directed questions to Resto and ascertained his reasoning to withdraw his guilty pleas. Resto asserted he was not a violent person and he wished to have the facts presented at trial. Resto also claimed that his attorney threatened not to represent him if he did not accept the second plea offer. This allegation was denied by defense counsel who admitted that she advised Resto at the time of the second plea offer but she was always prepared to try the case, if necessary. The trial judge averred that when Resto entered guilty pleas, he was represented by competent counsel and he never voiced displeasure with his counsel, or his guilty pleas, or verbalized a desire to proceed to trial. After conducting a hearing on Resto's motion to withdraw his pleas, the trial judge determined that Resto experienced a change of heart with regard to his guilty pleas. The trial judge denied Resto's presentence motion to withdraw his guilty pleas and sentenced him to two years of community control, on each count, to be served concurrently.

{¶ 8} Resto timely appealed raising, verbatim, one assignment of error:

> The trial court abused its discretion when it denied defendant's motion to withdraw guilty plea prior to sentencing, where defendant's attorney moved to withdraw representation, and where defendant met standards permitting withdrawal.

Upon a review of the record, we find Resto's appeal has no merit.

## II. Law and Argument

### A. Withdrawal of Guilty Pleas

{¶ 9} Resto contends that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea.

{¶ 10} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which reads:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim.R. 32.1. "A defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 6, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Prior to ruling on a presentence motion to withdraw a plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at paragraph one of the syllabus.

{¶ 11} The abuse-of-discretion standard that a reviewing court must follow is stated in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing

on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

Applying these factors to the present case, we find the trial court's denial of Resto's presentence motion to withdraw his pleas was not an abuse of discretion.

{¶ 12} The record demonstrates that Resto was represented by competent counsel during the plea hearing. Counsel successfully negotiated a plea agreement that included considerably better terms than those presented in the prosecution's initial plea offer. The trial judge attested to the competency of Resto's counsel stating that she has practiced longer than Resto has been alive and has handled many cases comparable to the case sub judice as well as more serious matters. (Tr. 32.) At his plea hearing, Resto confirmed his satisfaction with his appointed counsel.

{¶ 13} A review of the record indicates Resto was afforded a full Crim.R. 11 hearing before he entered his guilty pleas. A group plea was taken by Resto and one other, unrelated accused. Resto, via counsel, consented to the group plea. (Tr. 3-4.) The prosecutor detailed the two pending indictments against Resto and the proposed amended indictments. (Tr. 5-8.) The court addressed Resto's prior request for a translator to interpret police interviews and Resto's waiver of that request. (Tr. 8-9.) Resto answered the court's questions and indicated he was a high school graduate who could read and write. (Tr. 10.) Resto stated he was neither threatened nor induced to enter a plea of guilty and he was satisfied with his attorney. (Tr. 12-13.) Resto's constitutional rights were explained by the trial judge

and waived by the accused. (Tr. 14-16.) The trial judge explained the nature of the offenses and specifications as well as the potential prison sentences, fines, and postrelease control. (Tr. 17-21.) The trial court found Resto entered his guilty pleas knowingly, intelligently, and voluntarily. (Tr. 22.)

{¶ 14} Upon Resto's oral motion to withdraw his guilty pleas, the trial court provided a complete and impartial hearing on the motion and the trial court gave full and fair consideration to Resto's request. Resto's motion to withdraw his pleas countered that he entered his guilty pleas under the threat of his appointed counsel to sever their attorney-client relationship if he did not accept the plea deal offered on August 26, 2019:

> Resto: The second time she — * * * my attorney, said if I didn't take this deal, that she was not going to represent me, so right there is more stress. More worrying.

(Tr. 31-32.) The plea offer was presented on the date of trial and Resto claimed he wanted to refuse the offer and proceed to trial:

> Resto: That same day I told her I want to go to trial. I wanted to go to trial. She was like, take it, take it, or I won't represent you. Like it's more stress, more stress to me. It's not a change of heart. I wanted to go to trial.

(Tr. 41.) Resto's attorney conceded that she counseled and advised Resto, but never coerced or threatened him. (Tr. 32.) She instructed Resto that it was his choice whether he accepted the plea agreement, and she was willing to proceed to trial, if needed. (Tr. 32.)

{¶ 15} Further, Resto claimed he asked his attorney to continue the plea hearing because he needed time to consider the offer: "This would all be avoided if she would have put a motion to give me an extra day to think about it." (Tr. 36.) In response, the trial judge detailed this case's timeline starting with the indictment in CR-19-637652-A on March 8, 2019, and arraignment on April 16, 2019. The court held numerous pretrials from April 18, 2019, through May 28, 2019. The initial trial date of June 3, 2019, was continued at the accused's request since he was charged in another stalking case, CR-19-639843-A. The court conducted additional pretrials, on both pending criminal cases, on June 27, 2019, July 11, 2019, July 17, 2019, July 25, 2019, and July 29, 2019. The trial date was continued from August 7, 2019, until August 26, 2019, at Resto's request, to provide time to translate video footage. On August 26, 2019, a "substantially reduced" plea offer was presented to and accepted by Resto. (Tr. 38.) On that same date, Resto withdrew his prior not guilty pleas and entered guilty pleas in both pending cases.

{¶ 16} The trial court acknowledged that from Resto's arraignment on April 16, 2019, until the plea hearing on August 26, 2019, Resto never voiced dissatisfaction with his counsel or indicated her use of threats. At the plea hearing, Resto indicated satisfaction with his counsel and denied that any threats or promises had been made to induce his pleas. (Tr. 13; tr. 22.)

{¶ 17} Resto's alleged request for one additional day before responding to the second plea offer did not justify a withdrawal of Resto's guilty pleas. Resto had

months to consider his charges and the potential consequences and Resto previously considered a plea offer and rejected it on the day of its presentment.

{¶ 18} Resto also argued that because he is not a violent individual, he wanted to proceed to trial where the facts of the case would be presented:

> The Court: Okay. So what's the basis to withdraw your plea? That's what I'm asking you.
>
> Resto: That I want the people to hear the facts, because I'm not a violent person. This is just not who I am. And I know I'm risking a lot.

(Tr. 34.)

{¶ 19} Resto claimed to experience significant stress from his pending cases and knew when he entered the guilty pleas that he made the wrong choice:

> Resto: Like I was — I'm in so much stress. Never have I ever had in my life this much stress in my life. Never been in depression. Since all this started — I know when I made my choice, I was not satisfied the moment I did it. I didn't want it.

(Tr. 40.) Yet, Resto did not indicate during the plea hearing that he was under any emotional stress.

{¶ 20} In support of withdrawal of his plea, Resto testified that he wanted to "get [the plea hearing] over with," but by the time he arrived home from the plea hearing, he knew he had made the wrong choice. (Tr. 33; tr. 39.) Resto conceded that he pleaded guilty because he wanted to put his criminal cases behind him and move on with his life:

> Resto: Yes, Your Honor. At the time, I was just thinking let's get this over with. I just want to be — I'm probably not — maybe get probation or jail time. I just want[ed] it to be over with so I [could] see my family, see my nieces anytime I wanted.

(Tr. 33.)

{¶ 21} Resto's arguments with regard to his nonviolent nature and the stress he endured from the pending cases did not evidence his innocence or support a reasonable or legitimate basis for withdrawal. As explained by the trial judge, Resto's motion for withdrawal was predicated on a change of heart:

> The Court: All right. Well, in looking at the factors to consider, one, you have competent counsel. We've already placed that on the record. As I said, I believe your lawyer has been practicing law longer than you've been born and has handled numerous cases. Numerous.
>
> And as I said, has had many, many, many trials as well. And has handled cases of charges that are of a higher level degree than the ones that are present or that you're facing as well. So that factor doesn't apply.
>
> Then the Court followed Criminal Rule 11 as well and during that hearing you never one time indicated that you didn't want to take a plea, that I can recall. I don't have the transcript in front of me, but I don't recall you hesitating or being dissatisfied with your lawyer. As I said, I don't recall that.
>
> So, I find that this is more or less a change of heart. Here it is the day of sentencing and — so I'm going to have the sentencing go forward and I believe it can go forward with [your attorney.] All right?

(Tr. 40-41.)

{¶ 22} A trial judge must determine whether a claim of innocence is simply an accused's change of heart about the plea agreement. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 30, citing *State v. Hoyle*, 8th Dist. Cuyahoga No. 102791, 2016-Ohio-586, ¶ 31. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal

of a guilty plea." *Elliott* at ¶ 30, quoting *Hoyle* at ¶ 31. Resto's claim that he wanted to introduce the facts and demonstrate his nonviolence was indicative of a change of heart and did not support a withdrawal of his guilty plea.

{¶ 23} In addition to the four factors evaluated above, this court has set forth these factors that may be considered upon the review of a trial court's judgment on a motion to withdraw a guilty plea: "(1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and possible penalties; and (4) the defendant had evidence of a plausible defense." *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 19, citing *State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, ¶ 13, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677.

{¶ 24} We review the application of these additional factors. An oral motion to withdraw a presentence guilty plea made at the sentencing hearing is not considered timely filed. *State v. Porch*, 2017-Ohio-8885, 100 N.E.3d 1134, ¶ 19 (8th Dist.). Hence, Resto's oral motion to withdraw his plea made at the start of the sentencing hearing was untimely.

{¶ 25} Resto provided specific reasoning for his withdrawal, yet the proposed rationales — that Resto's counsel threatened to sever the attorney-client relationship and that he wanted to introduce the facts to show he was not violent — were not found reasonable and legitimate but were rejected by the trial judge.

**{¶ 26}** The record demonstrates Resto understood the nature of the charges and the possible penalties as these were specified in the plea hearing and Resto acknowledged his understanding of the same. Resto contends he was unaware that (1) a menacing while stalking charge represented a violent crime, and (2) there may be negative implications for being sentenced to a violent crime. However, a trial court is not required to inform an accused about collateral consequences to a plea, including potential outcomes that do not have an effect on the sentence when the judge accepts the plea. *State v. Moore*, 8th Dist. Cuyahoga No. 73899, 1998 Ohio App. LEXIS 3293, 4 (Aug. 27, 1998); *State v. Beatty*, 8th Dist. Cuyahoga No. 75926, 2000 Ohio App. LEXIS 5821, 10 (Dec. 14, 2000). Thus, the trial court was not obligated, in the course of the plea hearing, to inform Resto whether he could subsequently expunge the charges to which he pled guilty and Resto's lack of knowledge on this topic did not justify granting his motion to withdraw.

**{¶ 27}** While Resto stated introduction of the facts would show he was nonviolent, Resto failed to present any evidence or argument supporting a plausible defense. Mere assertions without evidentiary support do not merit the same scrutiny that is required for substantiated allegations. *State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11, citing *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602, 2-3 (Apr. 27, 1989).

**{¶ 28}** "It is within the trial court's discretion to determine whether [Resto]'s arguments in support of his motion were reasonable and legitimate." *State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 12. A reviewing court "must defer

to the trial court's judgment in evaluating the 'good faith, credibility and weight' of [a defendant's] motivation and assertions in entering and attempting to withdraw his plea." *Id.* at ¶ 12, quoting *Xie*, 62 Ohio St.3d at 525, 584 N.E.2d 715.

{¶ 29} Nothing in the transcript demonstrates that Resto's decision to withdraw his guilty pleas was based on anything other than a mere change of heart which is not a sufficient basis upon which a defendant can rely in order to successfully withdraw his guilty pleas. Under the totality of the circumstances, we cannot say the trial court abused its discretion when it found there was no reasonable and legitimate basis for Resto's motion to withdraw his guilty pleas.

### B. Withdrawal of Counsel

{¶ 30} Resto asserts that his attorney withdrew as counsel and he was unrepresented when the trial court ruled on his motion to withdraw his guilty pleas. We disagree.

{¶ 31} At the start of the sentencing hearing, Resto's appointed counsel informed the court that Resto wished to withdraw his pleas. Counsel further stated there was "a complete over-the-weekend failure and breakdown of communication" and made an oral request to withdraw as counsel. (Tr. 30.) The trial court did not immediately rule on defense counsel's motion to withdraw.

{¶ 32} After the trial judge conducted a hearing on Resto's motion to withdraw his guilty pleas, and prior to rendering a decision on that matter, defense counsel again requested that the court appoint separate counsel if the court chose to go forward with sentencing during the scheduled hearing. (Tr. 36-37.) Although it

was a half-hearted request, defense counsel also asked the court to grant Resto's motion to withdraw his guilty plea: "As defense attorney, my ethics require me to ask the court that if my client has a change of heart and wants to go to trial, then the Court oblige that. I'm only asking. It's up to the Court's decision. If he wants to go to trial, it's his case, or his cases. That's his right. I have to say that, Your Honor." (Tr. 42.)

{¶ 33} The trial judge denied Resto's motion to withdraw his guilty pleas and stated (1) she would proceed with sentencing, and (2) Resto's attorney would represent him during the sentencing portion of the hearing. (Tr. 41.) Defense counsel acted in accordance with the trial judge's ruling. During the sentencing phase of the hearing, defense counsel confirmed her review of the PSI report and the fact that no corrections or omissions were necessary. (Tr. 42.) To protect his rights, defense counsel instructed Resto that he had the right to stay silent. (Tr. 51.) Defense counsel also clarified for Resto the trial court's comments and requested that the trial court advise Resto on his right to an appeal. (Tr. 61; tr. 64.) The trial court did not grant defense counsel's motion to withdraw and Resto was represented by counsel throughout the entirety of the September 16, 2019 hearing.

{¶ 34} Resto's assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR