[Cite as *State v. Silver*, 2023-Ohio-451.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

    v.                           :

No. 111578

TERRELL SILVER,                   :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-662895-A and CR-21-663017-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Terrell Silver ("Silver") appeals the trial court's journal entry denying his presentence motion to withdraw his guilty plea. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2} On April 7, 2022, Silver pled guilty to attempted robbery with a one-year firearm specification and having weapons while under disability in Cuyahoga C.P. No. CR-21-662895-A. That same day, Silver also pled guilty to attempted robbery in Cuyahoga C.P. No. CR-21-663017-A. The court scheduled a sentencing hearing in both cases for May 9, 2022. That morning, Silver filed a motion to withdraw his plea in both cases. The court held a hearing on Silver's motion, discussing the motion with him at length. Ultimately, the court denied Silver's motion and sentenced him to an aggregate term of 36 months in prison. Silver now appeals, raising one assignment of error for our review:

> I.    The trial court erred when it denied Mr. Silver's presentence motion to withdraw his guilty plea.

## II.   Motion to Withdraw Guilty Plea

{¶ 3} Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Presentence motions to withdraw guilty pleas "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "a defendant does not have an absolute right

to withdraw a plea prior to sentencing." *Id.* We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. *Id.*

{¶ 4} In *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth a four-part test to determine whether a trial court abuses its discretion by denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶ 5} Additionally, this court noted the following factors that a trial court may consider when ruling on a presentence motion to withdraw a guilty plea: (1) prejudice to the prosecution; (2) "whether the motion was made in a reasonable time"; (3) "whether the motion states specific reasons for withdrawal"; and (4) "whether the accused was perhaps not guilty or had a complete defense." *State v. Pinkerton*, 8th Dist. Cuyahoga Nos. 75906 and 75907, 1999 Ohio App. LEXIS 4453, 5 (Sept. 23, 1999).

{¶ 6} Furthermore, this court has held that, although presentence motions to withdraw guilty pleas should be liberally allowed, a "mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *State v. Johnson*, 8th Dist. Cuyahoga No. 83350, 2004-Ohio-2012, ¶ 38.

## III. Analysis

{¶ 7} Starting with the *Peterseim* factors, we find that the court held a full Crim.R. 11 hearing when Silver pled guilty, at which Silver asked "a lot of questions" that the court answered. Furthermore, the court explained at his plea hearing "what the maximum penalty could be under the plea and if [Silver was] to be found guilty at trial," the constitutional rights Silver would be waiving should he enter a guilty plea, and the effect of a guilty plea. Additionally, at the Crim.R. 11 hearing, Silver stated that he was satisfied with the services his counsel provided, and nothing in the record reflects that the competency of Silver's counsel was questioned.

{¶ 8} The court held a "complete and impartial hearing" on Silver's motion to withdraw his guilty plea on May 9, 2020. The court reviewed with Silver the colloquy that occurred at his plea hearing, reminded him all parties agreed that the court complied with Crim.R. 11, and concluded that his plea was made voluntarily and knowingly. The court also listened to Silver's stated reasons for wanting to withdraw his plea, which will be discussed in detail under the *Pinkerton* factors below. In other words, the trial court gave "full and fair consideration" to Silver's request to withdraw his plea.

{¶ 9} Upon review, we find that the *Peterseim* factors weigh in favor of denying Silver's motion to withdraw his guilty plea.

{¶ 10} Turning to the *Pinkerton* factors, we find that Silver filed his motion on the same day that his sentencing hearing was scheduled, which was one month and two days after pleading guilty. Although this motion was filed prior to

sentencing, the state was not afforded an opportunity to respond before the hearing commenced. *Compare State v. Porch*, 2017-Ohio-8885, 100 N.E.3d 1134, ¶ 19 (8th Dist.) (finding that an oral motion to withdraw plea made at a sentencing hearing "was not timely filed").

{¶ 11} The trial court noted on the record that "one of the reasons [Silver] listed as a basis for withdrawing the plea is that he pled guilty out of fear, panic, and uncertainty that he could be sentenced to mandatory consecutive terms of incarceration if he proceeded to trial and lost and that it clouded his judgment, and now he's had time to reflect on his decisions." The court concluded that this reason is "the same as any other Defendant" and that "there's going to be a fear of a bad sentence or a sentence that they would not prefer * * *."

{¶ 12} The trial court asked Silver if there were any other reasons why he wanted to withdraw his guilty plea. Silver answered as follows: "After further inspection of my discovery, I discovered that the detective procured a warrant for my arrest." The court, Silver, and Silver's attorney engaged in a lengthy discussion regarding the probable cause affidavit filed in the Cleveland Municipal Court on August 27, 2021. This affidavit, which is a preprinted form with various blanks to be filled in, lists the "Date/time of arrest" as "08/21/2021." Silver argued that the date of one of the offenses at issue was August 21, 2021, but he was not arrested until August 27, 2021.

{¶ 13} The court concluded that this alleged discrepancy was not a proper basis for Silver to withdraw his plea. Silver next stated that he wanted to "exercise

my constitutional rights to go to trial and face my accusers." Turning to the final *Pinkerton* factor, Silver offered no argument at the hearing on his motion concerning "whether he was perhaps not guilty or had a complete defense."

{¶ 14} In denying Silver's motion, the court found as follows:

This is what we call a change of heart, okay?

So again, I explained to you that this would be a knowing, intelligent, and voluntary plea. I asked if you understood that by pleading guilty, you're admitting to the truth of the facts and your full guilt, okay?

Your complaints about the way the form is created [are] not sufficient, and then you also had complaints about — it kind of seems like you're trying any avenue here, and once one breaks down, you find another one.

{¶ 15} Upon review, we find that the *Pinkerton* factors weigh in favor of denying Silver's motion. The trial court acted within its discretion when it denied Silver's motion to withdraw his guilty plea. *See State v. Resto*, 8th Dist. Cuyahoga No. 109109, 2020-Ohio-4299, ¶ 29 ("[W]e cannot say the trial court abused its discretion when it found there was no reasonable and legitimate basis for Resto's motion to withdraw his guilty plea.").

{¶ 16} Accordingly, Silver's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR