[Cite as *State v. Charity*, 2019-Ohio-5252.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

EARL L. CHARITY III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0001**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 672 A

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul Gains, Mahoning County Prosecutor*, *Atty. Ralph Rivera, Assistant Prosecutor,* Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Lynn Maro*, Maro & Schoenike Co., 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
December 11, 2019

**DONOFRIO, J.**

{¶1} Defendant-appellant, Earl Charity, III, appeals his conviction following a guilty plea in the Mahoning County Common Pleas Court for one count of aggravated murder.

{¶2} On July 19, 2018, a Mahoning County Grand Jury indicted appellant and Juan Phillips on numerous charges surrounding the death of Oscar Caywood. Appellant was indicted for: one count of aggravated murder in violation of R.C. 2903.01(B), an unspecified felony; one count of murder in violation of R.C. 2903.02(A), an unspecified felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony; and ten counts of having a weapon under disability, each count specifying a different firearm appellant allegedly possessed, in violation of R.C. 2923.13(A)(3), third-degree felonies. Appellant was also indicted on three firearm specifications pursuant to R.C. 2941.145 and three repeat violent offender specifications pursuant to R.C. 2929.01.

{¶3} Appellant reached a plea agreement with plaintiff-appellee, the State of Ohio. Appellant agreed to plead guilty to aggravated murder and its firearm specification. In exchange, the state dismissed all remaining charges and specifications and agreed to recommend a sentence of 23 years to life imprisonment.

{¶4} On December 4, 2018, the trial court held a change of plea hearing. The trial court performed the plea colloquy. (Plea Tr. 3-11). During the plea colloquy, appellant informed the trial court that he was on parole for involuntary manslaughter and felonious assault. (Plea Tr. 7). The trial court informed appellant that pleading guilty to aggravated murder would be a violation of his parole and any punishment the adult parole authority ordered would be served consecutive to the sentence the trial court issued for aggravated murder. (Plea Tr. 7-8). Appellant stated that he understood the rights he was waiving by pleading guilty and his potential maximum sentence. (Plea Tr. 3-11). The trial court accepted appellant's guilty plea and scheduled the sentencing hearing for December 10, 2018.

Case No. 19 MA 0001

{¶5}     At the scheduled sentencing hearing, appellant's counsel made an oral motion to withdraw the guilty plea.  (Sent. Tr. 2).  A written motion was not filed because counsel was only made aware of appellant's desire to withdraw the plea approximately 30 minutes before the sentencing hearing.  (Sent Tr. 3).  Appellant addressed the court himself and made two arguments in support of withdrawing his plea.

{¶6}     First, appellant argued that his plea should be withdrawn because he was not fully aware of the potential increased prison time he faced due to his parole violation when he pled guilty.  (Sent. Tr. 4-7).  Appellant originally believed his parole violation would result in a nine-month increase of his sentence but later learned that it would result in a 42-month increase of his sentence.  (Sent. Tr. 4).  The trial court noted that it informed appellant at his change of plea hearing that a guilty plea in this case would result in a parole violation and the sentence for the parole violation would be served consecutive to the sentence in this case.  (Sent. Tr. 7).

{¶7}     Second, appellant argued that he was in possession of evidence that would support his defense if he went to trial.  (Sent. Tr. 8).  Appellant then conferred with his counsel off the record.  After that conference, appellant's counsel informed the trial court that appellant called Detective Lambert of the Youngstown Police Department, the detective who investigated Caywood's death, the day before the sentencing hearing. (Sent. Tr. 9).  Appellant claimed that he told Detective Lambert that someone else had murdered Caywood.  (Sent Tr. 9).  Appellant's counsel was unaware of this phone call prior to the sentencing hearing.  (Sent. Tr. 9).

{¶8}     The trial court permitted the state to summarize the evidence it would have presented had the matter gone to trial.  (Sent. Tr. 10-13).  The trial court then granted a recess to permit the state and appellant to contact Detective Lambert.  (Sent. Tr. 14-15).

{¶9}     The state and appellant's counsel managed to contact Detective Lambert by phone.  Detective Lambert confirmed that he received a call from appellant the day before the sentencing hearing.  (Sent. Tr. 15).  But Detective Lambert would not speak to appellant on the basis that appellant was represented by counsel.  (Sent. Tr. 16).

{¶10}   Appellant's counsel then informed the trial court that appellant had given him "a piece of paper with some information on it that [appellant] believes is the identity of the person that committed the crime."  (Sent Tr. 18).  Appellant's counsel then

requested a recess of the sentencing hearing in order to investigate the information appellant had provided. (Sent. Tr. 18). The trial court denied the recess. (Sent. Tr. 18).

**{¶11}** The trial court then addressed several factors concerning appellant's motion and concluded there was not a sufficient basis to allow appellant to withdraw his plea. (Sent. Tr. 19-35). The trial court then sentenced appellant to the agreed upon sentence of 23 years to life imprisonment. (Sent. Tr. 51).

**{¶12}** Appellant's sentence was memorialized in a judgment entry dated December 14, 2018. Appellant timely filed this appeal on January 2, 2019. Appellant now raises two assignments of error.

**{¶13}** Appellant's first assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA IN VIOLATION OF LIBERTIES GUARANTEED BY SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, §§ 1, 2, 10 AND 16 OF THE OHIO CONSTITUTION.

**{¶14}** Appellant argues that the lack of prejudice to the state and his claim of innocence were sufficient grounds to permit withdrawal of his guilty plea.

**{¶15}** Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Appellant and the state agree that appellant's motion is a pre-sentence motion to withdraw.

**{¶16}** A pre-sentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 21, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Ocel* at ¶ 22, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1997), paragraph two of the syllabus.

**{¶17}** When determining whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a plea, this court looks to nine factors. Those factors are:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13 citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶18}** No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw. *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014–Ohio–882, ¶ 22.

**{¶19}** Appellant argues that the first and ninth factors set out above are met. He does not argue that any of the other factors support granting his motion to withdraw his plea.

**{¶20}** Beginning with lack of prejudice to the state, appellant cites *State v. Cuthbertson*, 139 Ohio App.3d 895, 746 N.E.2d 197 (7th Dist.2000), in support of this argument. In *Cuthbertson*, Cuthbertson pled guilty to murder. *Id.* at 897. Two weeks prior to the sentencing hearing, Cuthbertson sent the trial court a letter requesting to withdraw his guilty plea for two reasons: he did not commit the murder and he was pressured into pleading guilty. *Id.* The trial court held a hearing on Cuthbertson's motion where Cuthbertson testified that he was innocent and he was pressured into pleading guilty by his mother and his attorney. *Id.* The trial court denied Cuthbertson's motion and Cuthbertson appealed. *Id.* at 898.

Case No. 19 MA 0001

**{¶21}** This court held that three *Fish* factors were met: minimal prejudice to the state, timeliness of the motion, and the possibility that Cuthbertson was innocent. *Id.* at 899. This court placed emphasis on the minimal prejudice to the state factor by holding:

> when a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused. That is, in such a situation we have the inconvenience to the state of proving the guilt of a defendant at trial versus the possibility that a person has pled guilty to a crime they did not commit. Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, as here, the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great.

*Id.* at 899-900.

**{¶22}** Appellant argues that, like *Cuthbertson*, there was no indication that the state would have been prejudiced by granting the motion to withdraw the plea.

**{¶23}** At the sentencing hearing, the state indicated that it would experience prejudice if appellant's plea were withdrawn. Counsel for the state told the trial court "[w]e had some witnesses who were coming in town just specifically for this case. Who knows when we would reset it and whether those witnesses would be available at that time as well." (Sent. Tr. 23). Additionally, the trial court noted that appellant's co-defendant was set to testify if this matter had gone to trial. (Sent Tr. 22). The court noted that the co-defendant saw everything and may have participated in the murder. (Sent. Tr. 22). It pointed out that if the co-defendant had a "change of heart" and decided not to testify, the state's evidence would change significantly. (Sent. Tr. 22). This too would prejudice the state. Because there was an indication the state would have experienced prejudice, this factor weighs in the state's favor.

**{¶24}** As for appellant's argument that he had evidence that would support his defense that someone else committed the murder, there is no indication at the sentencing hearing as to what the evidence was. Appellant claimed that he was not the person who

murdered Caywood but provided no evidence to support this argument. (Sent. Tr. 9). Because the reasons for appellant's motion were insufficient in this case, this factor weighs in the state's favor.

{¶25} Addressing whether appellant was perhaps innocent or had a complete defense to the charges, the state summarized the evidence it would have presented at appellant's trial. Youngstown Police Department officers responded to a call reporting gunshots at a garage in Youngstown, Ohio. (Sent. Tr. 10). When the officers arrived, appellant exited the garage covered in Caywood's blood, wearing some of Caywood's jewelry, and in possession of Caywood's wallet and identification. (Sent. Tr. 10). The garage where Caywood's body was found belonged to appellant. (Sent. Tr. 13).

{¶26} Police searched the garage and found: a machete, a meat clever, and three guns that were used to shoot Caywood 19 times. (Sent. Tr. 10-11). Several more guns were found in the trunk of a car that was parked in the garage. (Sent. Tr. 11). The car belonged to appellant's grandfather and appellant had a key to the car's trunk in his pocket. (Sent. Tr. 11). The machete and meat clever were used in what appeared to be an attempted dismemberment of Caywood's body. (Sent. Tr. 30-31).

{¶27} According to the co-defendant, Juan Phillips, he called Caywood to the garage. (Sent. Tr. 12). When Caywood arrived, appellant started a fight with Caywood and began to use the machete or the meat clever on Caywood. (Sent. Tr. 12).

{¶28} Caywood's DNA was found on appellant and Phillips. (Sent. Tr. 12). While appellant's DNA was not found on any of the guns, appellant tested positive for gunshot residue. (Sent. Tr. 12-13).

{¶29} As previously stated, the only evidence appellant offered in support of his defense was his assertion that someone else murdered Caywood. (Sent. Tr. 18). Appellant stated that he had other evidence but did not state what the evidence was. (Sent. Tr. 14). Based on the above, this factor weighs in the state's favor.

{¶30} Based on the above, the state would have been prejudiced had appellant's plea been withdrawn. In addition, the state's summary of evidence against appellant combined with appellant's lack of evidence to support his innocence does not indicate that appellant was perhaps innocent or had a complete defense to the charges. As these

Case No. 19 MA 0001

*Fish* factors do not weigh in favor of appellant, the trial court's denial of appellant's motion to withdraw was not an abuse of discretion.

**{¶31}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶32}** Appellant's second assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO CONTINUE THE SENTENCING HEARING TO PERMIT A REASONABLE INVESTIGATION OF THE CLAIM OF ACTUAL [INNOCENCE] THEREBY DENYING APPELLANT DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF LIBERTIES GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I §§ 1, 2, 10 AND 16 OF THE OHIO CONSTITUTION.

**{¶33}** Appellant argues that, when he provided his trial counsel with the name of the person he believed murdered Caywood, the trial court should have continued the sentencing hearing to allow his counsel to investigate the matter.

**{¶34}** The trial court's judgment denying a motion to continue is reviewed for an abuse of discretion. See *State v. Wood*, 7th Dist. Columbiana No. 11 CO 9, 2011-Ohio-6405, ¶ 27. Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Sartini v. Yost*, 96 Ohio St. 3d 37, 2002-Ohio-3317, 770 N.E.2d 584.

**{¶35}** The Ohio Supreme Court set forth a six factor test to determine whether the denial of a motion to continue constitutes an abuse of discretion. The six factors are:

> (1) the length of the delay requested; (2) whether other continuances have been requested and granted; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is legitimate or not; (5) whether the defendant contributed to the circumstances giving rise to the request for the continuance; and (6) other relevant factors, depending on the unique facts of each case.

Case No. 19 MA 0001

*State v. Mitchell*, 7th Dist. Mahoning No. 88 C.A. 130, 1995 WL 310044 citing *State v. Sowders*, 4 Ohio St.3d 143, 447 N.E.2d 118 (1983).

**{¶36}** Addressing the length of the delay requested, appellant did not specify any amount of time in his oral motion. The only indication of the amount of time was until appellant's counsel could investigate the name of the person appellant claimed was the person who murdered Caywood. (Sent. Tr. 18). Without a definitive amount of time requested, it cannot be said that this factor weighs in appellant's favor.

**{¶37}** Addressing whether other continuances have been requested or granted, the record indicates that the trial court continued appellant's trial three times: on August 21, 2018; on September 24, 2018; and on November 16, 2018. With three prior continuances of appellant's trial, this factor weighs in the state's favor.

**{¶38}** Addressing inconvenience to persons, as previously stated, the state indicated to the trial court that there was a potential issue with witness availability if the trial were continued as some witnesses lived out of town. (Sent. Tr. 23). There were also three of Caywood's relatives who spoke at the sentencing hearing: his fiancé, one of his younger brothers, and his uncle. (Sent. Tr. 35-46). Caywood's uncle came to the sentencing hearing from Detroit, Michigan. (Sent. Tr. 44). Based on the above, granting appellant's continuance would have inconvenienced witnesses and this factor weighs in the state's favor.

**{¶39}** Addressing whether the requested delay is legitimate or not, appellant entered his guilty plea on December 4, 2018. Appellant's sentencing hearing was on December 10, 2018. Appellant indicated his desire to withdraw his plea 30 minutes prior to the sentencing hearing. (Sent. Tr. 3). Moreover, as previously stated, appellant claimed at the sentencing hearing that he had evidence that would support his defense but provided no specific information as to what the evidence was other than a name of someone else who committed the crime. Based on these facts, appellant's request for a continuance was not legitimate and this factor weighs in the state's favor.

**{¶40}** Addressing whether appellant contributed to the circumstances giving rise to the request for the continuance, appellant did not indicate his desire to withdraw his plea until 30 minutes prior to the sentencing hearing. (Sent Tr. 3). Because appellant did not indicate his desire to withdraw his plea until immediately before his sentencing

hearing, he contributed to the circumstances giving rise to the request for the continuance and this factor weighs in the state's favor.

**{¶41}** As for any other relevant factors depending on the facts of this case, appellant argues that the denial of the continuance resulted in his attorney being unable to fully investigate the claim or counsel him on how best to proceed with the case. In support of this argument, appellant cites the American Bar Association's (ABA) Criminal Justice Standards. Specifically, ABA Standards 4-4.1 (Duty to Investigate and Engage Investigators) and 4-5.1 (Advising the Client).

**{¶42}** Appellant's reliance on the ABA Criminal Justice Standards lacks merit. The Ohio Supreme Court has indicated that ABA Standards are guidelines and not binding. See *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 32 *see also State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 225. Additionally, the Standards appellant cites provide guidance on how criminal defense attorneys should perform their duties. Appellant is appealing the trial court's denial of a continuance, not raising a claim of ineffective assistance of counsel.

**{¶43}** Moreover, as set out in the first assignment of error, the state intended to present numerous pieces of evidence against appellant at trial, including: Caywood was found dead in appellant's garage; appellant was covered in Caywood's blood; appellant was in possession of Caywood's wallet, identification, and jewelry; Caywood was shot 19 times; and appellant tested positive for gunshot residue. Appellant's co-defendant was also set to testify. He allegedly saw everything and may have been a participant. The only argument appellant made in support of his motion to continue was so his counsel could investigate a name appellant provided for the first time at the sentencing hearing. Based on the above, the trial court's denial of appellant's motion for a continuance was not an abuse of discretion.

**{¶44}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶45}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, J., concurs.
D'Apolito, J., concurs.


Case No. 19 MA 0001

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**