[Cite as *State v. Shaibi*, 2021-Ohio-660.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-096** |
| YAHYA S. SHAIBI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2020 CR 000185.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Justin M. Weatherly,* Henderson, Mokhtari & Weatherly Co. LPA, 1231 Superior Avenue, Cleveland, OH 44114 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Yahya S. Shaibi, appeals from the judgment of the Lake County Court of Common Pleas, denying his pre-sentence motion to withdraw his guilty plea. We affirm the judgment of the trial court.

{¶2} On June 29, 2020, appellant waived his right to have his case presented to the grand jury and pleaded "guilty" by way of information to one count of aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the third degree. Shortly

after entering the plea, appellant retained new counsel and filed a pre-sentence motion to withdraw his guilty plea. The trial court denied the motion and, on August 10, 2020, appellant was sentenced to serve two years of community control with conditions. Appellant now appeals the trial court's denial of his motion. He assigns the following as error:

{¶3} "The trial court abused its discretion by overruling defendant-appellant's Crim.R. 32.1 motion to withdraw his guilty plea when said motion was filed before sentencing."

{¶4} In support of his assignment of error, appellant asserts the trial court erred because: (1) he entered his plea despite his belief that he was innocent of the charges; (2) he entered his plea despite his belief that his prior attorney would conduct a laboratory test of the alleged controlled substance that was found on his person; (3) he was unduly pressured by counsel to enter the plea; (4) he is a first-time offender lacking knowledge of the criminal justice system; and (5) he did not understand the potential penalties the plea would carry.

{¶5} Crim.R. 32.1 governs the withdrawal of a guilty plea prior to sentencing and provides: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea." *State v. Xie,* 62 Ohio St.3d 521, 526 (1992).

{¶6}    A motion to withdraw a guilty plea filed before sentencing should be freely and liberally granted. *Id.* at 526. There is no absolute right, however, to withdraw a guilty plea. *Id.* And, it is well-established that a change of heart regarding a decision to enter a plea is insufficient to serve as a basis for withdrawing one's plea. *State v. Corradetti*, 11th Dist. Lake No. 2012-L-006, 2012-Ohio-5225, ¶14, citing *State v. Kimble*, 11th Dist. Trumbull No. 2005-T-0085, 2006-Ohio-6096, ¶16.    "Appellate review of a trial court's denial of a motion to withdraw is limited to a determination of abuse of discretion, regardless whether the motion to withdraw is filed before or after sentencing." *State v. Peterseim,* 68 Ohio App.2d 211, paragraph two of the syllabus (8th Dist.1980). An abuse of discretion is the trial court's """failure to exercise sound, reasonable, and legal decision-making.""" *State v. Sawyer,* 11th Dist. Portage No. 2011-P-0003, 2011-Ohio-6098, ¶72, quoting *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, at ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶7}    In evaluating presentence motions to withdraw guilty pleas, this court has generally applied the four-prong test set forth by the Eighth Appellate District in *Peterseim* rather than the nine-factor test cited by appellant which originated from the First Appellate District in *State v. Fish,* 104 Ohio App.3d 236 (1st Dist.1995). *See also State v. Prinkey,* 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶28. The substance of the trial court's analysis indicates it considered the *Peterseim* factors before rendering its judgment. Therefore, we will apply the *Peterseim* factors here in order to determine whether the trial court erred in denying appellant's motion. In *Peterseim,* the court held:

> {¶8}    A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly

3

competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim,* at paragraph three of the syllabus.

{¶9} With respect to the first *Peterseim* factor, we note that "[g]enerally, a properly licensed attorney practicing in this state is presumed to be competent." *State v. Brandon,* 11th Dist. Portage No. 2009-P-0071, 2010-Ohio-6251, ¶9, citing *State v. Lytle,* 48 Ohio St.2d 391, 397 (1976). Appellant does not dispute the competence of the attorney representing him during the plea negotiation process and subsequent hearing. Indeed, appellant was represented by a different attorney for his motion to withdraw. And, during the hearing on that motion, counsel stated "I would argue that they [appellant and his co-defendant] did have highly competent counsel at the time of their change of plea."

{¶10} Appellant did not produce a copy of the transcript of the proceedings in which he entered his plea of guilty; he did, however, acknowledge at the hearing on the motion to withdraw that no one forced him to plead guilty and he was entering the plea knowingly and willingly. And appellant's counsel stated on record that appellant and his co-defendant "were given their full Criminal Rule 11 rights prior to changing their plea." Even had counsel not made the foregoing representation, because we have no transcript, we would still presume regularity with respect to waiver of appellant's constitutional and statutory advisements.

{¶11} It is worth noting that the state did not strongly object to appellant's motion. Still, the prosecutor noted that having the drug appellant was alleged to have

4

possessed (khat) re-tested, could prejudice its case. During his closing, the state asserted:

{¶12} [T]he state of Ohio truly takes no position in this. If the Defendants want us to prove their case beyond a reasonable doubt, the state of Ohio is more than happy to do that. I would just give some thoughts to the Court: That while a withdrawing of plea prior to sentencing should be liberally granted or freely granted, change of heart isn't enough to do that and they both just told you it was a change of heart that they had on the way home. They told you that they weren't coerced. They told you that they willingly entered a plea and knowingly entered a plea; they both testified to that.

{¶13} The only other thing I would say to the [sic], as to prejudice to the state, that if this - - if the drugs are tested again, khat does breakdown. I think that you might have a different result, but the Crime Lab tested it while it was fresh, or not so fresh, but it's not - - at its weight, at its potency of cathinone because the cathinone breaks down, it metabolizes. So the state of Ohio would be prejudiced by additional testing.

{¶14} The court, consequently, was also able to consider this point, in relation to the arguments made by appellant during the hearing. In overruling the motion, the court stated, from the bench:

{¶15} I went back up and looked at the history of this case. The defendants were charged in this case back in February of 2020. Both of them hired private counsel; qualified, competent counsel. There's no argument that - - that's not even the case here. March, April, May, three and a half months goes by and an information had been negotiated between prior counsel and the prosecutor. Now, the defendants were charged with felonies of the second degree which - - initially, which would require, if they were found guilty, mandatory prison under the new Reagan Tokes Act. And it would be an indefinite mandatory prison sentence.

{¶16} They have had three and a half months to look into this case then in May of 2020, they agreed to plead guilty to an information; to a lesser offense. And offense that would not require mandatory prison. That was on May twenty - - give me one second. May 28th this information was filed. So obviously they had agreed to that. It was represented to their counsel that they were willing to take that. * * * So the whole month, from the time the information was filed,

5

from the time they agreed to plead guilty to this reduced charge and accept the deal that the prosecutor was offering them, and nothing was said; nothing was done.

{¶17} The trial court went on to underscore that appellant was satisfied with his former attorney; that he was extensively advised of his rights and the penalties associated with the reduced offense; the court also asked appellant, in light of these details, if he still wished to plead guilty, to which he responded "yes." The court recognized that appellant may have felt pressure to plea, but only because he could either accept a felony-three plea or be tried and face mandatory prison on a felony-two conviction. The court stated that appellant was advised, prior to entering the plea, that the offer was the best deal he would receive. In light of these points, the court acknowledged "[t]hat's why maybe [he] felt pressured." The court also recognized the prosecutor's point regarding potential prejudice if the substance were re-tested. And the court reiterated its point that appellant agreed to plead guilty without a re-test, and even waited some significant time without raising the issue of a second test. In light of these points, the trial court concluded the motion was not well taken.

{¶18} Appellant was given a full hearing on his motion and the court gave due consideration to the same. The evidence and circumstances disclosed at the hearing demonstrates appellant merely had a change of heart subsequent to entering his plea. This, as the prosecutor noted, does not constitute a basis for granting appellant's motion. We therefore hold the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

{¶19} Appellant's assignment of error is without merit.

6

{¶20} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.