[Cite as *State v. Campbell*, 2023-Ohio-1626.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

TODD D. CAMPBELL, SR.,

        Defendant-Appellant.

**CASE NO. 2022-L-060**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 001156

## O P I N I O N

Decided: May 15, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Todd D. Campbell, Sr., appeals the denial of his Motion to Withdraw Guilty Plea. For the following reasons, we affirm the decision of the court below.

{¶2} On September 3, 2021, the Lake County Grand Jury returned an Indictment against Campbell charging him with: Aggravated Vehicular Homicide (Count 1), a felony of the first degree in violation of R.C. 2903.06(A)(1)(a); Aggravated Vehicular Homicide (Count 2), a felony of the second degree in violation of R.C. 2903.06(A)(2)(a); Operating

a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them (Count 3), a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); Criminal Trespass (Count 4), a misdemeanor of the first degree in violation of R.C. 2911.21(A)(5); Prohibited Acts (Count 5), an unclassified misdemeanor in violation of R.C. 4519.40(A)(2); and Prohibited Acts (Count 6), an unclassified misdemeanor in violation of R.C. 4519.40(A)(4).

{¶3} On April 21, 2022, Campbell "entered a plea of 'Guilty' to a Lesser Included Offense of Count 1, Aggravated Vehicular Homicide, a Felony of the Second degree, in violation of Section 2903.06(A)(1) of the Ohio Revised Code; and Count 3, Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, a Misdemeanor of the First degree, in violation of Section 4511.19(A)(1)(a) of the Ohio Revised Code."

{¶4} At the plea hearing, the prosecutor made the following proffer of what the State would have proven at trial:

> Your honor, the evidence would show in the early morning hours of September 13, 2020, in Lake County, Ohio, the Defendant, Todd Campbell, was driving a four-wheel ATV, all terrain vehicle. This was a gas powered, self-propelled machine that he was driving. He was driving it on a strip adjacent to the * * * CSX railroad tracks in the vicinity of Route 20 and Mantle Road. He had a passenger on the back, Ms. Bianca Pizzie. And the Defendant at that time was operating it under the influence of alcohol.

> In the hours preceding the Defendant driving it at this time, and in the evening before, he had attended a retirement party, had consumed alcohol at that party and thereafter which impaired his ability to drive.

> And as a result of that impairment, the Defendant crashed the ATV into an angle iron guardrail causing Ms. Pizzie to be ejected from the ATV and to land on the roadway beneath. She suffered

2

severe and instant skull fractures, thoracic spine fractures, rib fractures, that caused her death on scene there.

{¶5} On May 4, 2022, Campbell filed a Motion to Withdraw Guilty Plea.

{¶6} On June 6, 2022, a hearing was held on the Motion to Withdraw. Sonja Marie Blackwell, Campbell's girlfriend since 2015, testified that, as a result of the accident that killed Pizzie, Campbell suffered traumatic brain injury. Following his release from the hospital, she noted that Campbell had a different personality as well as issues with anxiety and memory loss. Campbell's defense attorney advised that, if the case went to trial, it was likely to attract media attention. Concerned about how the media attention would affect her and her children, Blackwell urged Campbell to enter a plea.

{¶7} Melissa Blake, a public defender, undertook her representation of Campbell at the beginning of April and trial was scheduled for May 6. Prior to her representation, Campbell was represented by other public defenders. Blake met with and/or spoke with Campbell three times prior to the change of plea and discussed the evidence in the case against him. After having an expert review the State's accident reconstruction report, Blake made the decision not to retain an expert and instead to challenge the credibility of the State's report at trial. Blake interviewed a potential witness identified by Campbell, but concluded the witness' testimony would not benefit Campbell. Blake had represented Campbell on other occasions prior to the present charges. She did not have any concerns about Campbell's competency or ability to enter a knowing, voluntary, and intelligent plea.

{¶8} At the conclusion of the hearing, the trial court denied Campbell's Motion to Withdraw. The court began by reviewing certain factors[1] identified by the courts as

---

1. These factors are the "*Peterseim* factors" which are discussed, *infra*, at ¶ 12.

Case No. 2022-L-060

important in considering a request to withdraw a guilty plea prior to sentencing. Whether the defendant was represented by highly competent counsel: "[T]here's no question in this case that Ms. Blake is a highly competent attorney who reviewed everything involved in this case" and "was fully prepared to try the case if necessary." Whether the defendant was afforded a full hearing at the time of the plea pursuant to Criminal Rule 11: "[T]his Court fully complied with the Criminal Rule 11 requirements and the colloquy." Whether the defendant was given an opportunity to have a complete, impartial hearing on the motion to withdraw: The change of plea hearing "lasted over two hours" and the "Court allowed the Defendant to present whatever evidence and testimony [he] wanted to present with complete leeway in examining the witnesses." Whether the court hearing the motion gave full and fair consideration to the request: the court proceeded to explain its decision as follows:

> [T]here was * * * a lot of arguments made [that] * * * [Campbell] wasn't given enough time, that he was threatened, pressured into this plea. * * * The evidence didn't bear that out. In fact, Ms. Blake's own testimony was that the Defendant's main concern about not having enough time had nothing to do with the plea. * * * [H]e was concerned about having his bond revoked because he feared that he would test positive and knew what the conditions of the bond were * * *. Even through his own attorney, it had to do with wanting more time because of the risk of having bond revoked.

> The Defendant was then asked during this plea by the Court if he had enough time to go over the case with his lawyer, have her review all the reports with him, discuss all the legal issues and answer all of his questions and he acknowledged that he did. He was then asked if he was satisfied with the advice and counsel of his attorney and he said he was. He was then asked by the Court: "Have you been threatened or coerced in any way to enter the plea of guilty?" He said, "No." He was then asked, "Are you entering the plea freely and voluntarily?" And he said, "Yes." Now, if the court's not * * * permitted to accept a defendant's responses during a Rule 11 colloquy, to accept them and hold the Defendant to those responses, then we might as well get rid of Rule 11.

4

* * *

Defense also makes an issue about [an] accident reconstruction expert, and the evidence was clear [that] the public defender's office reached out to an accident reconstruction expert. They didn't retain them because once they retain them, then a report gets generated and if a report's generated that isn't beneficial to the Defendant's interest they still are required to turn that report over to the State then. So they contacted an accident reconstructionist, their investigator did, provided him with information and he provided an opinion that would not have been beneficial to the Defendant; that was the testimony. * * * They handled this issue exactly how you're supposed to handle it.

* * *

But also of significance to this Court is the fact of how this plea all came about. We had a suppression hearing in this case and at the time of the suppression hearing, the Defendant was advised that there was an offer being made by the State, it was contingent on the Defendant accepting it at that time and not going forward with the suppression hearing. The Defendant chose to go forward with the suppression hearing and * * * not accept the offer. So there was no offer on the table. The only way the plea ever came about was because the defendant approached the prosecutor saying, "I want to plea to the offer that you originally gave me." He made the decision to do that and it was clear through Ms. Blake * * * that she was not going to contact the prosecutor's office unless he was one hundred percent on board with entering the plea. * * * And she specifically asked him what he wanted to do before she would even contact the prosecutor's office and ask them if they would be willing to put the plea back on the table * * *. And he made the decision that that's what he wanted to do and it was his decision. And that's how this whole plea materialized.

So while, again, the law states that motions to withdraw a guilty plea should be freely granted prior to sentencing, * * * that's not automatic. The changing of * * * your mind, change of heart, is an insufficient basis for withdrawing a plea, and that's what we have here. The Defendant has changed his mind and that's not a sufficient basis.

{¶9} On June 15, 2022, the sentencing hearing was held. The trial court ordered Campbell to serve an indefinite sentence of between five and seven and a half years for

5

Count 1 consecutive to a sentence of one hundred eighty days for Count 3, "totaling a stated indefinite term of imprisonment of a minimum of five and one half (5.5) years up to a maximum of eight (8) years." Additionally, the court imposed a $525 fine on Count 3 and a lifetime and a five-year license suspension on Counts 1 and 3 respectively.

{¶10} On July 7, 2022, Campbell filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court erred when it denied Campbell's pre-sentence motion to withdraw his guilty plea."

{¶11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Crim.R. 32.1. As a general rule, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Thus, it is for the trial court "to determine what circumstances justify granting such a motion," and for the reviewing court to affirm that decision unless it is unreasonable, arbitrary, or unconscionable. (Citation omitted.) *Id.* at 526-527.

{¶12} This court has often held that a trial court does not abuse its discretion when denying a presentence motion to withdraw a guilty plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to

6

withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Taylor*, 2015-Ohio-2080, 33 N.E.3d 123, ¶ 32 (11th Dist.), quoting *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus. We also acknowledge that there exist other enumerations of factors to be considered when analyzing such motions. *See*, *e.g.*, *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.); *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269. While this court has not been entirely consistent in the factors identified when considering motions to withdraw a plea under Criminal Rule 32.1, it has demonstrated a preference for the *Peterseim* factors when these are the factors adopted by the trial court. *See*, *e.g.*, *State v. Shaibi*, 11th Dist. Lake No. 2020-L-096, 2021-Ohio-660, ¶ 7 ("this court has generally applied the four-prong test set forth * * * in *Peterseim* rather than the nine-factor test * * * in *State v. Fish*"); *State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶ 11 (since the "trial court stated that it considered those factors before rendering its judgment * * * we will apply the *Peterseim* factors here in order to determine whether the trial court erred in denying appellant's motion").

{¶13} The Supreme Court of Ohio has recently reiterated, however, that the determinative considerations in deciding a presentence motion to withdraw a guilty plea are those established by Criminal Rule 32.1 and the *Xie* decision: "a defendant's presentence motion to withdraw his guilty plea should be *freely and liberally granted*" although "a defendant does not have an absolute right to withdraw his guilty plea" and

7

the denial of "a defendant's motion to do so has been upheld in various circumstances." *State v. Barnes*, __ Ohio St.3d __, 2022-Ohio-4486, __ N.E.3d __, ¶ 21-22. The various factors identified by Ohio's appellate courts may (or may not) be useful in guiding a trial court's exercise of its discretion in deciding a motion to withdraw, but they do not dictate the outcome. *Id.* at ¶ 40 (Brunner, J., concurring) ("[t]he nine-factor analysis should not overshadow the exercise of judicial discretion needed to analyze a presentence plea withdrawal in accordance with the basic principles established by *Xie* and Crim.R. 32.1"). In *Barnes*, the Supreme Court flatly asserted that "the *Peterseim* factors and the *Heisa* factors do not apply here." *Id.* at ¶ 24. Instead, it held "that when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id.*

{¶14} On appeal, Campbell asserts that he presented a reasonable and legitimate reason for withdrawing his guilty plea, particularly in light of the factors commonly applied in analyzing this issue. In particular, he emphasizes that trial counsel failed to perform competently by not retaining an accident reconstruction expert and by filing a motion to suppress that was meritless and/or immaterial; he had suffered a traumatic brain injury and smoked marijuana before entering his plea; his Motion was filed within a reasonable time; there were no witnesses that he was driving the ATV; and the State would suffer no prejudice by granting the Motion.

{¶15} The weight and relevance of these considerations are dubious. The trial court found counsel's decision not to retain an expert to be reasonable and no substantive argument has been advanced that calls this finding into question. The relative merits of the motion to suppress that was filed on Campbell's behalf did not have any evident

8

bearing on his decision to plead guilty. At the plea hearing, the trial court asked Campbell if the marijuana or his other psychiatric medications impacted his ability to understand or appreciate the proceedings and he replied that they did not. Trial counsel advised the court that she did not believe that he was under the influence or incapable of making rational decisions: "he's appeared in this manner to me every time I've met with him and if anything * * * he's probably had a greater understanding today than at * * * some of our earlier meetings and earlier discussions." *Barnes* at ¶ 22 (the trial court's denial of the defendant's motion to withdraw his guilty plea was upheld when the defendant asserted that his antianxiety medication rendered his plea unknowing, unintelligent, and involuntary) (citation omitted). As to whether he was driving the ATV, Campell had no independent recollection.

{¶16} The fundamental defect in Campbell's Motion to Withdraw is the one identified by the trial court: his reason for wanting to withdraw his plea is a change of heart and that is not a legitimate reason for doing so, even when the motion is made before sentencing. Here, Campbell cites several factors that could support the withdrawal of his plea but fails to articulate a compelling reason for wanting to do so. Campbell was fully aware of the circumstances regarding his case when he entered his plea and those circumstances remained thus at the time he moved to withdraw that plea. The only apparent motivation for desiring to withdraw the plea from the record before this court is that Campbell changed his mind in favor of going to trial. It is no abuse of discretion for a trial court to find such justification insufficient to merit the withdrawal of a plea. *State v. Silver*, 8th Dist. Cuyahoga No. 111578, 2023-Ohio-451, ¶ 6; *State v. Depetro*, 9th Dist.

9

Medina No. 21CA0053-M, 2022-Ohio-2249, ¶ 8; *State v. Garcia*, 11th Dist. Ashtabula Nos. 2020-A-0034 and 2020-A-0035, 2021-Ohio-4480, ¶ 33.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the denial of Campbell's Motion to Withdraw Guilty Plea is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

10