[Cite as *State v. Lockwood*, 2024-Ohio-5370.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0039** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| KYLE J. LOCKWOOD, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00344 |

**O P I N I O N**

Decided: November 12, 2024
Judgment: Reversed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Malcolm Stewart Douglas*, 113 North Chestnut Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}     Defendant-appellant, Kyle J. Lockwood, appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his request to withdraw his guilty plea. For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2}     On August 17, 2023, Lockwood was indicted for Importuning, a felony of the fifth degree, in violation of R.C. 2907.07(B)(1); and three counts of Disseminating Matter Harmful to Juveniles, felonies of the fifth degree, in violation of R.C. 2907.31(A)(1).

{¶3}    On November 14, 2023, Lockwood entered a plea of guilty to one count of Importuning and one count of Disseminating Matter Harmful to Juveniles.  The remaining two counts were dismissed.  At the plea hearing, defense counsel indicated he had sufficient time to review the plea with Lockwood and had reviewed discovery information with him.  The court reviewed the rights Lockwood waived by entering a plea.  The following exchange also occurred at the plea hearing:

> THE COURT: Have you had enough time to talk to your attorney about this plea agreement?
>
> LOCKWOOD: Yes, Your Honor.
>
> THE COURT: Do you have any complaints about your attorney?
>
> LOCKWOOD: No, Your Honor.
>
> THE COURT: Satisfied with Mr. Altier?
>
> LOCKWOOD: Yes, Your Honor.
>
> . . .
>
> THE COURT: Have you been fully advised by your attorney about the plea negotiations in this matter?
>
> LOCKWOOD: Yes.
>
> . . .
>
> THE COURT: Have you been promised, coerced or threatened in any way into entering into this plea?
>
> LOCKWOOD: No, Your Honor.

{¶4}    Regarding the offenses, the State described that Lockwood was alleged to have sent inappropriate photos to a juvenile female and asked her to have sex with him.  According to the State, Lockwood admitted to the victim's mother and police deputies that

Case No. 2024-A-0039

he sent these pictures. Lockwood was asked by the court to describe the conduct that led to the charges. He stated that his cousin and her boyfriend accused him of the offenses and of being a "pedo." At that time, he responded "this did not happen. . . . I didn't do anything. No, I didn't send anything to her." The court accepted the plea.

{¶5} On December 14, 2023, a Notice of Substitution of Counsel was filed and, on December 18, 2023, defense counsel (Attorney Altier) filed a Motion to Withdraw. Attorney Douglas became counsel for Lockwood. Attorney Douglas filed a Suggestion of Insanity and Request for Competency Evaluation. The court subsequently found that Lockwood was competent to stand trial.

{¶6} On April 23, 2024, Lockwood, through Attorney Douglas, filed a Motion to Vacate Plea. The following testimony was presented at a hearing on the motion. Brett Lockwood, the defendant's father, testified that he hired Altier to represent his son and initially spoke with him for about 30 to 40 minutes. He testified that his son met with counsel once in his office before entering his plea and met with him for less than an hour from the beginning of the case to the time of the plea. He testified that Altier did not e-mail him discovery from the prosecutor's office, although he did provide copies of "the sheriff's statements." Counsel did not request that Kyle provide his version of events and did not discuss potential defenses. Regarding entry of the plea, Altier "was persistent on it saying that's the best we're going to get." In the courtroom at the plea hearing, Brett heard Kyle saying to counsel, "I didn't do this and I don't want to plead this." Kyle tried to explain his version of events to Altier, who told him to "be quiet for now."

{¶7} Linda Seither, Lockwood's grandmother, testified regarding a text message

she received from Altier in November 2023, a copy of which was presented at the hearing. It discussed Lockwood's motion to vacate his plea, and then continued: "And assuming the judge grants this motion, which I must confess is unlikely, he still faces a trial. If you want to pursue that course, please do what you can to hire another attorney. I'm a little too old to represent him on a criminal jury trial with the facts in this case."

{¶8} The trial court denied the motion to vacate, indicating that it had fully reviewed Lockwood's rights with him at the plea hearing, he was afforded a hearing on his motion to withdraw, and had been represented by highly competent counsel. It also emphasized that Lockwood stated he was satisfied with counsel and was entering the plea voluntarily. The court found that a change of heart did not create an injustice warranting withdrawal of the plea. The court proceeded to sentencing and ordered Lockwood to serve two years of community control.

{¶9} On appeal, Lockwood raises the following assignment of error:

{¶10} "Did the Trial Court abuse its discretion when it denied Defendant's Motion to Withdraw his plea?"

{¶11} Lockwood argues that he was not provided "the level and quality of representation" by counsel required under the Constitution and counsel did not review evidence and potential defenses with him. Further, "prior Counsel refused to entertain anything but an acquiescence to entering a plea of guilty due to his own admission of not [being] willing to take a case to trial due to his advanced age."

{¶12} The State concedes that the assignment of error has merit. It reiterates Lockwood's lack of ability to consult fully with counsel and counsel's statements regarding

4

trial, concluding these statements, "coupled with the failure to properly advise the Appellant of his right to trial, could reasonably lead one to conclude that a trial in this matter was never truly considered [an] option."

{¶13} "As a general rule, 'a presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Campbell*, 2023-Ohio-1626, ¶ 11 (11th Dist.), citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing" and "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. An abuse of discretion is the court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004).

{¶14} In reviewing the trial court's ruling on a presentence motion to withdraw a guilty plea, this court has "demonstrated a preference for the *Peterseim* factors when these are the factors adopted by the trial court." *Campbell* at ¶ 12; *State v. Jackson*, 2024-Ohio-2599, ¶ 29 (11th Dist.) (this court "has routinely applied the *Peterseim* factors . . . to determine whether or not a court abuses its discretion in denying a presentence motion to withdraw a guilty plea"). Consistent with *Peterseim*, "[t]his court has often held that a trial court does not abuse its discretion when denying a presentence motion to withdraw a guilty plea: '(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before

5

he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.'" *Campbell* at ¶ 12, citing *State v. Taylor*, 2015-Ohio-2080, ¶ 32 (11th Dist.); *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980).

{¶15} This court has recognized that *Peterseim* "does not provide the exclusive test whereby appellate courts evaluate presentence motions to withdraw guilty pleas" and noted that "[s]ome appellate courts in this state have applied a nine-factor test described in *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist. 2001)." (Citation omitted.) *Jackson* at ¶ 29. The *Griffin* factors, which Lockwood argues should apply here, include "1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *Griffin* at 554.

{¶16} Nonetheless, this court noted in *Campbell* that "[t]he Supreme Court of Ohio has recently reiterated . . . the determinative considerations in deciding a presentence motion to withdraw a guilty plea are those established by Criminal Rule 32.1 and the *Xie* decision: 'a defendant's presentence motion to withdraw his guilty plea should be *freely and liberally granted*' although 'a defendant does not have an absolute right to withdraw

6

his guilty plea' and the denial of 'a defendant's motion to do so has been upheld in various circumstances.'" *Campbell* at ¶ 13, citing *State v. Barnes*, 2022-Ohio-4486, ¶ 21-22. "The various factors identified by Ohio's appellate courts may (or may not) be useful in guiding a trial court's exercise of its discretion in deciding a motion to withdraw, but they do not dictate the outcome." *Id.*

{¶17} "Ineffective assistance of counsel can provide a basis for seeking withdrawal of a guilty plea." *State v. Zendarski-Metcalf*, 2024-Ohio-780, ¶ 13 (11th Dist.); *State v. Lett*, 2016-Ohio-4811, ¶ 52 (8th Dist.) ("a defendant can bring an ineffective assistance of counsel claim concerning a pre-sentence motion to withdraw his guilty plea"). "'When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea.'" (Citation omitted.) *State v. Corradetti*, 2022-Ohio-1280, ¶ 30 (11th Dist.), citing *State v. Leifheit*, 2020-Ohio-5106, ¶ 26 (2d Dist.); *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶18} Recognizing that various tests and factors have been applied to these matters, we find that, upon consideration of the facts of this case, reversal is warranted under Crim.R. 32.1. There is no question that Lockwood was given a full hearing on his motion to withdraw, that the plea hearing reviewed his rights adequately, and he made statements indicating that he understood the nature of his plea and the consequences of the offenses. At the plea hearing, Lockwood stated that he had time to speak with counsel and was satisfied with his representation. We also observe that this court has considered

7

Case No. 2024-A-0039

the benefits received by a defendant as relevant to whether effective assistance was received in relation to the entry of a plea. *Zendarski-Metcalf* at ¶ 18 ("[c]ourts have considered a favorable outcome for a defendant in evaluating ineffective assistance claims in relation to the voluntary nature of the plea"). These factors weigh in favor of denying his motion. However, there are significant considerations, conceded by the State, which support Lockwood's motion to withdraw.

{¶19} Testimony was presented that Lockwood was not given the opportunity to discuss the details of the offenses with counsel, counsel asked him to be quiet while doing so, he had limited time to consult with counsel, and discovery items were not provided to him and/or his family. Testimony also demonstrated that, during the plea hearing, Lockwood told his counsel, "I didn't do this and I don't want to plead to this." This is consistent with his statements at the plea hearing. When asked by the court about the conduct constituting the offenses, he did not describe commission of the offenses but instead summarized only his denials of the crime when accused: "this did not happen. . . I didn't do anything. No, I didn't send anything to her."

{¶20} A copy was presented of a text message from counsel that stated, "If you want to pursue [a trial], please do what you can to hire another attorney. I'm a little too old to represent him on a criminal jury trial with the facts in this case." Lockwood's statements showed unwillingness to plead and that he denied committing the crimes but the facts showed counsel did not want to proceed to trial, thereby supporting a conclusion that there was a lack of preparation for trial and a likelihood that counsel may have encouraged Lockwood to enter a plea to avoid having to proceed forward to the trial

Case No. 2024-A-0039

scheduled two weeks after the plea hearing. *See State v. Blackwell*, 1998 WL 212753, *6 (1st Dist. May 1, 1998) (failure of trial counsel to prepare for trial deprived defendant of alternatives to trial, which led to his plea of guilty). While Lockwood was found to have highly competent counsel, counsel's effectiveness in this particular matter is reasonably called into question given all of the foregoing evidence presented at the plea hearing.

**{¶21}** Looking at additional factors, such as those stated in *Griffin*, we also observe that there was a lack of prejudice to the State. This is perhaps most strongly demonstrated by the fact that the State concedes the assigned error and argues that Lockwood should have been permitted to withdraw his plea. Further, it has also been observed that where a defendant has claimed he did not commit the offenses, "a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused." (Citation omitted.) *State v. Charity*, 2019-Ohio-5252, ¶ 21 (7th Dist.). As noted above, there was at least some indication here that Lockwood is asserting his innocence given his statements to counsel and at the plea hearing.

**{¶22}** In *State v. Hines*, 2020-Ohio-663 (8th Dist.), the appellate court found that the defendant's motion to withdraw his plea should have been granted where the defendant had limited communication with counsel, asserted his innocence, and the facts demonstrated an immediate desire to withdraw his plea. The *Hines* court emphasized that the trial court "continually referenced the perfect nature of the plea colloquy. That is not dispositive, however, where other factors indicate that it would be appropriate to withdraw a plea." *Id.* at ¶ 16. It concluded that a defendant did not have "a mere change of heart" where he quickly acted after his plea to dismiss his original counsel, hire new

9

counsel, and withdraw his plea. *Id.* at ¶ 13-18. Similarly, here the trial court emphasized that it engaged in a lengthy, 40-plus question inquiry in accepting the plea, prior to ultimately concluding that Lockwood had a change of heart. While we do not question that the correct advisements were given and questions were asked during the plea hearing, this does not negate the other circumstances outlined above. The fact that Lockwood sought out new counsel within a month of entering his plea and, after having competency evaluations completed, filed a motion to vacate his plea, undercuts the argument that he had a change of heart rather than legitimate concerns with counsel's representation.

{¶23} We also find that *State v. Whitted*, 2023-Ohio-3530 (11th Dist.), wherein this court affirmed a trial court's denial of a motion to withdraw guilty plea despite the State's concession of the assigned error, is distinguishable. In *Whitted*, the defendant expressed no questions or concerns during the plea hearing and "simply changed his mind after considering the matter." *Id.* at ¶ 16. In the present case, Lockwood indicated he had not committed a crime, made statements to counsel that he did not wish to enter a plea, there was evidence that defense counsel was unwilling to proceed to trial, and Lockwood hired new counsel after the plea hearing. This case is more similar to *State v. Strmac*, 2024-Ohio-2405 (11th Dist.), where this court reversed the denial of a motion to withdraw a plea where the "appellant demonstrated a pattern of reluctance to enter a plea and stand by it." *Id.* at ¶ 13.

{¶24} For these reasons, considering the evidence relating to the representation of counsel and his unwillingness to represent Lockwood at trial, as well as Lockwood's

10

statements contesting his guilt and desire to enter a plea, we find the trial court should have permitted him to withdraw his plea. We recognize that an abuse of discretion standard applies but also that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie*, 62 Ohio St.3d at 527. For these reasons, we reverse the court's judgment on the motion to withdraw Lockwood's plea.

{¶25} The sole assignment of error is with merit.

{¶26} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, denying Lockwood's request to withdraw his guilty plea, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.

JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.